MATTER OF S—

In DEPORTATION Proceedings

A-10516130

*Decided by Board September 5, 1961*

Nonquota status—Marriage to United States citizen—Invalidity of Turkish
canonical divorce.

Canonical or religious divorce obtained by respondent in Turkey in 1951 held
invalid under Turkish Code of Civil Law (in force since October 4, 1926)
which provides that a divorce may be granted only by the judge of a com-
petent court. As respondent's prior Turkish marriage was not legally ter-
minated, he was not entitled to the nonquota visa which he obtained on the
basis of his purported marriage to a United States citizen in 1954.

CHARGE:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable
at time of entry—Not nonquota immigrant as specified in immi-
grant visa.

BEFORE THE BOARD

DISCUSSION: The case comes forward on appeal from the order
of the special inquiry officer dated June 16, 1961, ordering respond-
ent deported from the United States in the manner provided by law
on the charge contained in the order to show cause.

The record relates to a native and citizen of Turkey, 40 years old,
male, who last entered the United States at Blaine, Washington,
on or about January 5, 1958, and was admitted as a nonquota immi-
grant upon presentation of an immigrant visa issued to him on the
basis of his marriage on June 23, 1954, at Long Beach, California,
to a citizen of the United States.

Prior to his marriage to an American citizen on June 23, 1954,
upon which his nonquota status as the spouse of an American citi-
zen is predicated (and from whom the respondent has procured an
interlocutory decree of divorce in the State of California), the re-
spondent was married twice. His second marriage, which occurred
in 1953 in the State of Washington, was terminated by divorce in
Seattle, Washington, on August 13, 1953, having lasted approxi-
mately 5 or 6 months. The respondent was first married in Turkey
on October 2, 1944, and claimed that his first marriage was termi-

430

nated in Turkey by divorce. He has submitted a copy of a document which states that on January 2, 1951, the request of the respondent and his first wife that they be considered canonically divorced was approved. The document is signed by an official called an "Imam," which is translated as "chaplain" in the document. The respondent testified that he and his first wife appeared in person before the Imam in Izmir, Turkey, in 1951, and that he was advised to return at the end of the Ramadan, a period of fasting in the Moslem religion. After thirty days, respondent testified, he was on his way to America but his wife went to the Imam, took the papers, and sent them to him in 1960 for the children's sake. He stated that under the law in effect at that time the religious divorce was a legal one.

The purported religious divorce decree was submitted to Turkish authorities for an opinion as to its validity. A communication dated March 31, 1961, was received from the Deputy Governor at Izmir, Turkey, to the effect that this canonical divorce decree does not now have and never has had any legal validity whatsoever in the Republic of Turkey; that since October 4, 1926, divorce in the Republic of Turkey may only be granted by the judge of a competent court under the articles of Turkish Code of Civil Law;[1] and every kind of document contrary to this Civil Code is not legal in the Republic of Turkey. A report from the Library of Congress indicates that since October 4, 1926, when Turkey enacted the Swiss Civil Code, which, with minor modifications, went into force, Turk-

---

[1] The Near Eastern and North African Law Division, Library of Congress, has furnished a translation of the pertinent provisions of the Turkish Civil Code in force since October 4, 1926:

Title IV. DIVORCE

Article 136. The proper court of divorce is the court of plaintiff's domicile.

Article 138. Where a ground for divorce has been proven, the Judge must grant either a divorce or judicial separation.

Where only judicial separation is asked for, he cannot grant a divorce.

Where the suit is for a divorce, he can grant judicial separation only if a reconciliation between the husband and the wife seems probable.

Article 150. On divorce or on judicial separation the judge shall take into consideration the following provisions:

1. The judge must not take as approved any essential fact on which the claim for divorce or judicial separation is based without being himself convinced that the fact took place as asserted.

2. No oath or affirmation in the place of an oath can be administered to either husband or wife in regard to such essential fact.

3. No statement of any kind made by the husband or wife is binding on the judge.

4. All evidences are under the discretion of the judge.

5. Agreements relating to the subsidiary effects of the divorce or judicial separation require for their validity to be confirmed by the judge.

ish law applies to domestic relations without regard to the religious affiliation of the parties involved.[2]

It, therefore, appears from an opinion by a high government official in Izmir, Turkey, that the canonical divorce obtained by respondent did not constitute a valid termination of his Turkish marriage. Counsel has cited no Turkish law to the contrary but merely relies upon the uncorroborated assertions of the respondent as to the validity of the divorce. It is not shown that the respondent is an expert in Turkish law and his testimony does not appear to be competent on this issue. We have noted counsel's complaint of the inadequacy of the interpreter, but the answers appear to be responsive to the questioning and counsel's complaint that the term "Imam" was incorrectly translated as "priest" does not appear to affect the issue of the validity of the religious divorce decree. Inasmuch as respondent has offered no evidence to overcome the proof that the religious divorce was not a valid termination of the first marriage, it appears that he was not entitled to a nonquota status as the lawful spouse of a United States citizen. It is concluded that the charge stated in the order to show cause is sustained and that the respondent is subject to deportation.

**ORDER:** It is ordered that the appeal be and the same is hereby dismissed.

---

[2] "The law of divorce applicable to non-Moslems in the Ottoman Empire and in modern Turkey," prepared by Edmund C. Jann (1955).